UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM W. HORSMAN, III,** )<br>)<br>**Plaintiff,** )<br>)<br>V. )<br>)<br>**KYLE BROWN,** *Presiding Judge of* )<br>*Colbert County, Alabama, et al.*, )<br>)<br>**Defendants.** | **Case No.:  2:23-cv-1133-LCB-SGC** |

## ORDER

On November 20, 2023, U.S. Magistrate Judge Staci G. Cornelius issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) recommending that the Court dismiss all claims without prejudice for failure to state a claim upon which relief can be granted. (Doc. 5). No party has objected to the Report and Recommendation.

If a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the district court must review *de novo* those portions of the report to which the party has specifically objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Unchallenged portions of a Magistrate Judge's report are reviewed for clear error. *Haywood v. Green*, No. 121CV01112LCBHNJ, 2023 WL 6303027, at *1 (N.D. Ala. Sept. 27, 2023). The district court may, in its review,

"accept, reject, or modify, in whole or in part," the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

Although no party has objected to the Magistrate Judge's findings, conclusions, or recommendations, the plaintiff has filed a spate of notices, requests, and a second motion to amend the complaint. (Docs 18, 19, 20, 21, and 22). And while none of these contain formal objections to the Report and Recommendation, his motion to amend the complaint seeks to add relief that the Magistrate Judge had not considered—namely, a writ of mandamus to compel the production of records and documents from his 1974 murder conviction. (Doc. 19).

But even if the Court were to grant this motion or liberally construe it as an objection to the Report and Recommendation, the plaintiff's claims would still fail. State prisoners, the Magistrate Judge rightly concluded, have "but one federal vehicle" to challenge the fact of their convictions: a habeas petition under 28 U.S.C. § 2254. Since the proposed amendments would not transform his § 1983 suit into a § 2254 petition, his pleading remains fatally deficient and must be dismissed.

Having reviewed the proposed findings and recommendations for clear error, the Court concludes that the Magistrate Judge's Report and Recommendation (Doc. 5) should be **ACCEPTED** and hereby **ADOPTS** it as the findings of the Court. The case is therefore **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this December 26, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE